# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 07-254** |
| **KEVIN I. CLAY** | **SECTION: "S" (5)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Kevin I. Clay's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. #97) is **DENIED**.

## BACKGROUND

This matter is before the court on defendant's motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence.

On January 23, 2009, Clay pleaded guilty to Count 1of the Indictment charging him with possession with the intent to distribute five grams or more of cocaine base ("crack") in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii). Clay's plea was entered pursuant to a signed plea agreement which set forth that Count 1 carried a statutory mandatory minimum sentence of five years imprisonment and a maximum penalty of forty years imprisonment. In the plea agreement, Clay agreed to waive his right to contest his sentence under § 2255, except on the grounds that he can establish that ineffective assistance of counsel directly affected the validity of his waiver of his appeal or collateral challenge rights or the validity of the guilty plea itself. Clay also signed a factual basis in which she stipulated to the facts upon which the government would have relied to prove his guilt at trial.

On November 5, 2009, the Court sentenced Clay to serve 212 months in the custody of the Bureau of Prisons as to Count 1. On November 12, 2009, Clay filed, *pro se*, a Notice of Appeal with

the United States Court of Appeals for the Fifth Circuit. The appellate court dismissed Clay's appeal on June 3, 2010. Clay did not seek a writ of *certiorari* to the Supreme Court of the United States.

On June 28, 2016, Clay filed the instant motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence arguing that he received ineffective assistance of counsel because his counsel failed to properly investigate the law and facts applicable to the case and failed to inform Clay of the consequences of his plea, that the government breached the terms of the plea agreement, and that the court miscalculated his sentencing range.[1] The government argues that Clay's § 2255 motion is untimely, and he cannot prevail on the substantive claims.

**ANALYSIS**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may move the court that imposed his sentence to vacate, set aside, or correct the sentence. "Section 2255 provides the primary means of collateral attack on a federal sentence [and] [r]elief under this section is warranted for any error that 'occurred at or prior to sentencing.'" Cox v. Warden, Fed. Detention Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990) (quoting United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980)). Section 2255(f) provides that a one year statute of limitations applies to § 2255 motions. The limitations period runs from the latest of –

> (1) the date on which the judgment of conviction became final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the

---

[1] "Under the mailbox rule, pro se prisoner filings are deemed filed as soon as they are deposited into the prison mail system." United States v. Nyamaharo, 514 Fed. Appx. 479 (5th Cir. 2013). Clay signed his § 2255 motion on June 28, 2016. Thus, it is deemed filed on that date.

> United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[2]

As to subsection 1, if the petitioner filed an effective notice of appeal, his conviction becomes final upon the expiration of the period for filing a petition for a writ of *certiorari* with the Supreme Court of the United States contesting the appellate court's affirmation of the conviction. Clay v. United States, 123 S.Ct. 1072, 1074 (2003). Rule 13(1) of the Rules of the Supreme Court of the United States provides that a petition for a writ of *certiorari* is timely when it is filed with the Clerk of the Supreme Court of the United States within 90 days after the entry of the judgment. Sup. Ct. R. 13(1).

The United States Court of Appeals for the Fifth Circuit dismissed Clay's appeal on June 3, 2010. He did not seek a writ of *certiorari* from the Supreme Court of the United States. Thus, his conviction became final on September 1, 2010. Clay did not file his § 2255 motion until more than five years later, on June 28, 2016. Therefore, it is untimely under § 2255(f)(1). There are no allegations that support the application of §§ 2255(f)(2), 2255(f)(3), or 2255(f)(4). Therefore, Clay's § 2255 motion is untimely.

---

[2] Subsections 2, 3 and 4 do not apply to this matter.

Further, Clay is not entitled to equitable tolling.  A movant under § 2255 is "entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." United States v. Jackson, 470 Fed. Appx. 324 (5th Cir. 2012) (citations and quotations omitted).  This standard requires "reasonable diligence, not maximum feasible diligence." Id. (citations and quotations omitted).  "Equitable tolling is permissible only in rare exceptional circumstances," and is not extended "to instances of excusable neglect." Id. (citations and quotations omitted).  "[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999).

Clay has not provided any information that would justify equitable tolling.  There is no evidence that he was reasonably diligent in pursuing his rights because it took him more than five years to file the §2255 motion.  Therefore, Clay's § 2255 motion is DENIED as untimely.

## CONCLUSION

**IT IS HEREBY ORDERED** that Kevin I. Clay's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. #97) is **DENIED**.

New Orleans, Louisiana, this   10th   day of April, 2017.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**